10-45763

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | **November 17, 2010** | Docket #: | |
| Debtor: | **Pamela J Tanzi** | Co-Debtor: | **Michael S Tanzi** |
| SS#: | **xxx-xx-0699** | SS#: | **xxx-xx-0170** |
| Address: | **59 Providence Road Unit 1 Grafton, MA 01519** | Address: | **59 Providence Road Unit 1 Grafton, MA 01519** |

| | |
|---|---|
| Debtor's Counsel: | **David R. Chenelle 628424** |
| Address: | **33 Waldo Street Worcester, MA 01608** |
| Telephone #: | **508-793-1606** |
| Facsimile #: | **508-793-1620** |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THE LATER OF (i) THIRTY (30) DAYS AFTER THE FIRST DATE SET FOR THE SECTION 341 MEETING, OR (ii) THIRTY (30) DAYS AFTER SERVICE OF A MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

**OFFICIAL FORM 3**
**PRE-CONFIRMATION CHAPTER 13 PLAN**                           10-45763

### CHAPTER 13 PLAN

Docket No.: _____

DEBTORS:    (H)   **Pamela J Tanzi**                SS#  **xxx-xx-0699**

            (W)   **Michael S Tanzi**               SS#  **xxx-xx-0170**


I.  PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ __**351.00**__ for the term of:

☐ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☒ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____

☐ ____ Months.  The Debtor states as reasons therefore:

_____


II.  SECURED CLAIMS

A.  Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of secured claims to be paid through the Plan  $         **0.00**

B.  Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Chrysler Financial** | **Automobile loan** |
| **Chrysler Financial** | **Automobile loan** |
| **Nationstar Mortgage LI** | **Mortgage** |
| **Wells Fargo Auto Finance** | **Automobile loan** |

C.  Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D.  Leases:

   i.  The Debtor(s) intend(s) to reject the residential/personal property lease claims of
       **-NONE-**

10-45763

    ; or

  ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

  iii. The arrears under the lease to be paid under the plan are **0.00** .

### III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Priority Claims to Be Paid Through the Plan $ **0.00**

### IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **2,000.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

### V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **15.0423** % of their claims.

A. General unsecured claims: $ **112,708.55**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C): $ **112,708.55**

D. Multiply total by percentage: $ **16,953.96**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ____% $ **0.00**

VI.  OTHER PROVISIONS                                                                              10-45763

    A.  Liquidation of assets to be used to fund plan:

    B.  Miscellaneous provisions:

    **1. This is a "pot plan", in which the total of all payments in respect to unsecured creditors is a constant amount. The Trustee shall distribute this amount rateably amongst holders of allowed unsecured claims. The percentage dividend stated in this plan is an estimate based on claims currently known to the Debtor(s) and does not govern the amount of payments to general unsecured creditors. General unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this plan, depending on the total of allowed unsecured claims.**

    **2. Upon the filing of the Debtors bankruptcy petition, all secured lenders shall commence all usual and customary billing and invoicing for post-petition payments. This includes, but is not necessarily limited to, sending invoices and statements directly to the debtor and allowing the debtor on-line access to their account information**

    **3. Post-petition mortgage payments paid directly by debtor to mortgagee or its servicer and must be applied & credited to debtor's account without penalty as if the account were current and no pre-petition default existed on the petition date, and in the order of priority specified in the note, security agreement and applicable non-bankruptcy law**

    **4. Secured claims with arrears being paid through the Plan shall be deemed current as of discharge unless the Court specifically approves any post-petition charges.**

    **5. Payments received from the Trustee for any pre-petition arrears shall be applied only to such pre-petition arrears.**

    **6. Secured creditors that are being paid in-full through this Plan must furnish any certificate of title to the Debtor(s) within 30 days of discharge.**

VII.  CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| a) Secured claims  (Section II-A&D Total): | $ | 0.00 |
| b) Priority claims  (Section III-A&B Total): | $ | 0.00 |
| c) Administrative claims  (Section IV-A&B Total): | $ | 2,000.00 |
| d) Regular unsecured claims  (Section V-D Total): | $ | 16,953.96 |
| e) Separately classified unsecured claims: | $ | 0.00 |
| f) Total of a + b + c + d + e above: | =$ | 18,953.96 |
| g) Divide (f) by .90 for total including Trustee's fee:  **$2,106.00** | | |
| Cost of Plan= | $ | 21,060.00 |
| (This represents the total amount to be paid into the chapter 13 plan) | | |
| h. Divide (g), Cost of Plan, by Term of plan, | **60** | months |
| i. Round up to nearest dollar for Monthly Plan Payment: | $ | 351.00 |

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.
Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

10-45763

VIII.  LIQUIDATION ANALYSIS

A.  Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **59 Providence Road Unit 1 Grafton, MA 01519-1114** | $ 265,500.00 | $ 302,561.00 |

| | |
|---|---|
| Total Net Equity for Real Property: | $ 0.00 |
| Less Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

B.  Automobile (Describe year, make and model):

| Description | Value | Lien | Exemption |
|---|---|---|---|
| **2004 SAAB (135,000 miles) (to be surrendered)** | $ 4,600.00 | $ 10,353.00 | $ 0.00 |
| **2004 Pacifica (62,000 miles)** | $ 11,910.00 | $ 12,150.00 | $ 0.00 |
| **2007 Subaru Forester (36,000 miles)** | $ 16,875.00 | $ 17,136.00 | $ 0.00 |

| | |
|---|---|
| Total Net Equity: | $ 0.00 |
| Less Total Exemptions (Schedule C): | $ 0.00 |
| Available Chapter 7: | $ 0.00 |

C. All other Assets (All remaining items on Schedule B):  (Itemize as necessary)     10-45763

- **Cash on Hand**
- **Sovereign Bank (Checking)**
- **Sovereign Bank (Savings)**
- **Sovereign Bank (Checking)**
- **Sovereign Bank (Savings - with son)**
- **Miscellaneous Household Goods**
- **Baseball Cards**
- **Clothing**
- **Jewelry**
- **Digital Piano**
- **Term Life Insurance**
- **529 IRA - xxx 6159**
- **529 - IRA xxx 6140**
- **529 IRA - xxx 6140**
- **401K**
- **IRA (Fidelity)**
- **IRA (Fidelity)**
- **IRA (Lynch)**
- **100 Shares Lojack at 3.25/share**
- **Comcast Stock, 250 shares at 20.56 as of 11/10/10**
- **AT&T Stock 107 shares at $26.59**
- **Estimated 2010 Tax Refund**
- **Co-Trustee of the Dora M. Tanzi, Revocable Trust. (The Donor, Dora M. Tanzi retains all control of the assets of the Trust)**
- **Co-Trustee of the: Tanzi Family Irrevocable Trust. (The Donor, Dora M TAnzi, retains control of the assets of the Trust)**
- **1 House Dog**

Total Net Value:                 $ **73,490.82**
Less Total Exemptions (Schedule C):  $ **73,490.82**
Available Chapter 7:             $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $          **0.00**

E. Additional Comments regarding Liquidation Analysis:
   If this case were liquidated under Chapter 7, the debtor(s) estimate unsecured creditors would receive a dividend of approximately **0** %.

10-45763

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ David R. Chenelle**
**David R. Chenelle 628424**
Debtor's Attorney
Attorney's Address: **33 Waldo Street**
**Worcester, MA 01608**
Tel. #:  **508-793-1606 Fax:508-793-1620**
Email Address: **drc@damicochenelle.com**

**November 17, 2010**
Date

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date  **November 15, 2010**          Signature  **/s/ Pamela J Tanzi**
                                                **Pamela J Tanzi**
                                                Debtor

Date  **November 15, 2010**          Signature  **/s/ Michael S Tanzi**
                                                **Michael S Tanzi**
                                                Joint Debtor

**United States Bankruptcy Court**
**District of Massachusetts**

10-45763

In re  **Pamela J Tanzi**
**Michael S Tanzi**                                                                     Case No.

Debtor(s)                                                                     Chapter    **13**

# CERTIFICATE OF SERVICE

I, David R. Chenelle, do hereby certify that on **November 19, 2010**, I caused to be served, either electronically or by regular United States mail, a copy of the Debtors' Chapter 13 Plan, upon all interested parties, the Trustee and all creditors listed below.

**Denise M. Pappalardo, Esq.**
**Chapter 13 Trustee**

**Bank Of America**
**P.O. Box 17054**
**Wilmington, DE 19850**

**Chase**
**201 N. Walnut St//De1-1027**
**Wilmington, DE 19801**

**Chrysler Financial**
**P.O. Box 9218**
**Farmington Hills, MI 48333**

**Citi**
**P.O. Box 6241**
**Sioux Falls, SD 57117**

**Dedham Medical Associates, Inc**
**One Lyons Street**
**Attn.: Rich Russo**
**Dedham, MA 02026**

**Discover Fin**
**P.O. Box 6103**
**Carol Stream, IL 60197**

**GEMB / Old Navy**
**Attention: Bankruptcy**
**P.O. Box 981400**
**ElPaso, TX 79998**

**Hsbc/rs**
**P.O. Box 978**
**Wood Dale, IL 60191**

**Kohls**
**Attn: Recovery Dept**
**P.O. Box 3120**
**Milwaukee, WI 53201**

**Lane Bryant Retail**
**450 Winks Lane**
**Bensalem, PA 19020**

**Lifespan**
**P.O. Box 1021**
**Pembroke, MA 02359**

**Nation Star Mortgage Ll**
**Attn: Bankruptcy**
**350 Highland Dr**
**Lewisville, TX 75067**

**Richard King, Esq.**
**Office of the US Trustee**

10-45763

**Sears/cbsd**
**P.O. Box 6189**
**Sioux Falls, SD 57117**

**Sovereign Bank**
**15 Westminster St**
**Providence, RI 02903**

**Wells Fargo Auto Finance**
**P.O. Box 20704**
**Phoenix, AZ 85038**

**Wfnnb/Lane Bryant**
**P.O. Box 182789**
**Columbus, OH 43213**

**/s/ David R. Chenelle**
**David R. Chenelle 628424**
**D'Amico & Chenelle**
**33 Waldo Street**
**Worcester, MA 01608**
**508-793-1606Fax:508-793-1620**
**drc@damicochenelle.com**